UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED
00 MAY -1 AM 9: 27
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

| | |
|---|---|
| EMERSON ELECTRIC CO. and RIDGE TOOL COMPANY, ) ) ) Plaintiffs, ) ) v. ) ) GENERAL WIRE SPRING CO., ) ) Defendant. ) | Case No. 1:00CV0156 Judge Paul R. Matia |

## ANSWER

AND NOW comes defendant, General Wire Spring Co., by and through its attorneys, Sweeney Metz Fox McGrann & Schermer, LLC, and presents the within Answer to Plaintiffs' Complaint and therefore avers as follows:

### PARTIES

1. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsehood of the averments set forth in paragraph 1 of plaintiffs' Complaint, and accordingly the same is denied and strict proof thereof will be demanded at the time of trial.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsehood of the averments set forth in paragraph 2 of plaintiffs' Complaint, and accordingly the same is denied and strict proof thereof will be demanded at the time of trial.

3. Paragraph 3 of plaintiffs' Complaint is admitted.

## JURISDICTION AND VENUE

4. Paragraph 4 of plaintiffs' Complaint is a legal conclusion to which no response is required. To the extent a response is deemed necessary, the averments are denied and strict proof thereof will be demanded at the time of trial.

5. Paragraph 5 of plaintiffs' Complaint is a legal conclusion to which no response is required. To the extent a response is deemed necessary, the averments are denied and strict proof thereof will be demanded at the time of trial.

## BACKGROUND FACTS

6. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsehood of the averments set forth in paragraph 6 of plaintiffs' Complaint, and accordingly the same is denied and strict proof thereof will be demanded at the time of trial.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsehood of the averments set forth in paragraph 7 of plaintiffs' Complaint, and accordingly the same is denied and strict proof thereof will be demanded at the time of trial.

## COUNT I
## INFRINGEMENT OF U. S. PATENT NO. 5,901,401

8. In response to the averments of paragraph 8, defendant incorporates by reference its responses to paragraphs 1 through 7 inclusive of this answer as if the same were more fully set forth herein at length.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsehood of the averments set forth in paragraph 9 of plaintiffs' Complaint, and accordingly the same is denied and strict proof thereof will be demanded at the time of trial.

10. The allegation that the '401 patent was duly and legally issued by the United States Patent and Trademark Office is a legal conclusion to which no response is required. Defendant has no information or belief with respect to the remaining allegations of paragraph 10.

11. Paragraph 11 of plaintiffs' Complaint is denied.

12. Paragraph 12 is a legal conclusion to which no response is required. To the extent a response is deemed necessary, the averments are denied and strict proof thereof will be demanded at the time of trial.

13. Paragraph 13 is a legal conclusion to which no response is required. To the extent a response is deemed necessary, the averments are denied and strict proof thereof will be demanded at the time of trial.

14. Paragraph 14 of plaintiffs' Complaint is denied.

15. Paragraph 15 is a legal conclusion to which no response is required. To the extent a response is deemed necessary, the averments are denied and strict proof thereof will be demanded at the time of trial.

## COUNT II
## PATENT INFRINGEMENT OF U.S. PATENT NO. 6,009,588

16. In response to the averments of paragraph 16, defendant incorporates by reference its responses to paragraphs 1 through 15 inclusive of this answer as if the same were more fully set forth herein at length.

3

17. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsehood of the averments set forth in paragraph 17 of plaintiffs' Complaint, and accordingly the same is denied and strict proof thereof will be demanded at the time of trial.

18. Paragraph 18 is a legal conclusion to which no response is required. To the extent a response is deemed necessary, the averments are denied and strict proof thereof will be demanded at the time of trial.

19. Paragraph 19 of plaintiffs' Complaint is denied.

20. Paragraph 20 is a legal conclusion to which no response is required. To the extent a response is deemed necessary, the averments are denied and strict proof thereof will be demanded at the time of trial.

21. Paragraph 21 is a legal conclusion to which no response is required. To the extent a response is deemed necessary, the averments are denied and strict proof thereof will be demanded at the time of trial.

22. Paragraph 22 is a legal conclusion to which no response is required. To the extent a response is deemed necessary, the averments are denied and strict proof thereof will be demanded at the time of trial.

23. Paragraph 23 is a legal conclusion to which no response is required. To the extent a response is deemed necessary, the averments are denied and strict proof thereof will be demanded at the time of trial.

## AFFIRMATIVE DEFENSES

24. Plaintiffs' claims under Count I are barred because defendant's products do not comprise all of the elements identified in any or all of the claims of the '401 patent.

25. Plaintiffs' claims under Count I are barred because defendant's products do not infringe any or all of the claims of the '401 patent literally.

26. Plaintiffs' claims under Count I are barred because defendant's products do not infringe any or all of the claims of the '401 patent pursuant to the Doctrine of Equivalents.

27. Plaintiffs' claims under Count II are barred because defendant's products do not comprise all of the elements identified in any or all of the claims of the '588 patent.

28. Plaintiffs' claims under Count II are barred because defendant's products do not infringe any or all of the claims of the '588 patent literally.

29. Plaintiffs' claims under Count II are barred because defendant's products do not infringe any or all of the claims of the '588 patent pursuant to the Doctrine of Equivalents.

30. Plaintiffs' claims under all Counts are barred because plaintiffs have failed to state a claim upon which relief can be granted.

31. The claims which are alleged in the Complaint are barred by applicable Statute of Limitations and/or the Equitable Doctrines of Laches Estoppel and Acquiescence.

32. Plaintiffs have failed to mitigate their damages.

WHEREFORE, defendant, General Wire Spring Co., denies that it is liable to the plaintiffs in the sums demanded, or any sum whatsoever, or any equitable relief, and requests:

    a. that the plaintiffs be denied any compensatory damages under 35 U.S.C. § 284;

    b. that the plaintiffs be denied any multiple damages under 35 U.S.C. § 284;

    c. that this Court deny plaintiffs' request for a preliminary or permanent injunction;

5

d.  that the plaintiffs' request for attorneys fees and costs, under 35 U.S.C. § 285, be denied.

e.  that this Honorable Court enter judgment in its favor, together with such costs and such other relief, as the Court may deem just and proper;

Respectfully submitted,

By _____
Barry I. Friedman, Esq. (Penn. I.D.# 0050507)
SWEENEY METZ FOX MCGRANN &
SCHERMER, LLC
11 Stanwix Street, 18th Floor
Pittsburgh, PA 15222
(412) 918-1100

By _____
Timothy L. McGarry, Esq. (0055604)
Nischwitz, Pembridge & Chriszt Co., L.P.A.
1265 West 6th St., 4th Floor
Cleveland, OH 44113-1326
(216) 861-8248

Attorneys for Defendant
General Wire Spring Co.

6

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within ANSWER was mailed, postage prepaid, to the counsel of record listed below this  1  day of ~~April~~ May, 2000:

>M. Neal Rains, Esq.
>Arter & Hadden LLP
>1100 Huntington Building
>925 Euclid Avenue
>Cleveland, OH 44115-1475

>Albert B. Deaver, Jr., Esq.
>Robert J. McAughan, Jr., Esq.
>Gregg Duffey, Esq.
>Arnold White & Durkee
>750 Bering Drive
>Houston, TX 77057

*[signature]*
One of the Attorneys for Defendant

answer.wpd